UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:04-CV-540

JOHN MICHAEL HANS, *et al.*                                    P L A I N T I F F S

v.

MATRIXX INITIATIVES, INC. and
ZICAM, LLC                                                        DEFENDANTS

### MEMORANDUM OPINION

Defendants filed a joint Motion for Summary Judgment in this matter.  (Docket # 46).

The Plaintiffs jointly Responded (Docket # 51), and the Defendants jointly replied.  (Docket # 52

and 53 duplicate docketings).  The Court now GRANTS Defendants' Motion for Summary

Judgment.

Plaintiffs jointly  moved to Amend/ Correct the Complaint in this matter.  (Docket # 49).

Plaintiffs also filed a Motion for Leave to Identify Alternate Expert(s) Regarding Causation of

Injuries and Damages in this matter.  (Docket # 50).  Defendants filed a combined Response to

these Motions.  (Docket # 52 and 53 duplicate docketings).  No Reply was filed.  The Court now

DENIES the Motion to Amend/Correct and DENIES the Motion to Identify Alternate Expert(s).

### BACKGROUND

This case arises from Plaintiffs' claims that their use of Zicam Cold Remedy No Drip

Liquid Nasal Gel caused then to completely and permanently lose their sense of smell, a

condition known as anosmia.  In a single count Complaint, Plaintiffs allege that Zicam's

defective design proximately caused an irreversible loss of their sense of smell**.**

On July 25, 2005, the Court entered an Agreed Amended Scheduling Order tendered

jointly by the parties.  The Scheduling Order established the following deadlines related to the issues of causation: (1) Plaintiffs would identify experts who will testify on the issues of general and specific causation by September 15, 2005; (2) Defendants would identify general and specific causation experts by November 1, 2005; (3) all discovery related to issues of general and specific causation would be completed by January 1, 2006; and (4) all motions seeking to exclude the testimony of causation experts pursuant to *Daubert* and Fed. R. Evid. 702 were to be filed by February 1, 2006.

Pursuant to the Scheduling Order, Plaintiffs identified a single expert witness, Bruce W. Jafek, M.D., to support their claims of general causation (that Zicam, when used as directed, causes permanent anosmia) and specific causation (that Zicam, rather than some other potential cause, in face caused their anosmia).  Defendants filed a timely Motion to Exclude the Expert Report and Testimony of Dr. Jafek, and on September 29, 2006, the Court granted Defendants' motion in its entirety.  In its Memorandum Opinion, the Court found Dr. Jafek's opinion that Zicam caused Plaintiff's anosmia by delivering a toxic dose of zinc to the olfactory epithelium to be unreliable and inadmissible under Federal Rule of Evidence 702.

Defendants filed the Motion for Summary Judgment in this matter stating that, because Plaintiffs could present no admissible expert testimony in support of their theories of liability, they could not bear their burden to show that Zicam's products caused any anosmia.  Plaintiffs responded by filing a Motion to Amend their Complaint by adding a claim of fraud or misrepresentation against Defendants.  Plaintiffs also moved the Court to amend the Scheduling Order to allow an additional 180 days for Plaintiffs to locate a new expert witness.  Plaintiffs' only response to the Motion for Summary Judgment was that the Motion to Amend Complaint

2

and Motion for leave to investigate new expert witnesses should be decided before the Motion

for Summary Judgment.  The Court now disposes of all three motions.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can

establish that the "pleadings, depositions, answer to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law."  In determining whether

summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable

inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material

fact."  *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is "whether the

party bearing the burden of proof has presented a jury question as to each element in the case."

*Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317,

325 (1986)).  "The plaintiff must present more than a mere scintilla of evidence in support of her

position; the plaintiff must present 'evidence on which the jury could reasonably find for the

plaintiff.'" *Id.* (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)).  Mere

speculation will not suffice to defeat a motion for summary judgment.  "The mere existence of a

colorable factual dispute will not defeat a properly supported motion for summary judgment.  A

genuine dispute between the parties on an issue of material fact must exist to render summary

judgment inappropriate."  *Monette v. Elec. Data Sys. Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996)

(citing *Anderson*, 477 U.S. at 247-49).


## ANALYSIS

**I.      Plaintiffs' Motion for Leave to Amend/Correct Complaint**

Plaintiffs claim that the Court should grant them leave to Amend the original Complaint in this matter by appending a claim for fraud and also adding factual allegations that Plaintiffs purchased and used Zicam.  Plaintiffs' claims states that Defendants fraudulently induced them to buy Zicam and, if added, would presumably survive a dismissal of the products liability claim.

Defendants argue that the amendment is seventeen months outside the filing deadline established by the Court and should not be granted.  Defendants also note that the Motion to Amend is nearly a year after the discovery deadline and causes them significant prejudice since the case has been thoroughly briefed and discovery has been conducted on other issues.

Defendants note that the standard for allowing an amendment to the Complaint after the conclusion of discovery is whether the amendment would cause significant prejudice to the other parties.  *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003) (denying the plaintiff's motion to add claims after the discovery cutoff and defendants had filed a motion for summary judgment); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (denying the plaintiffs' motion to amend the complaint to add claims after the conclusion of discovery and defendants had filed a motion for summary judgment); *Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986).  In *Leary*, the Court explained that plaintiffs may only seek to amend their complaint after the time set forth in the scheduling order if they could show "good cause" for the amendment.  349 F.3d at 907-09.  The Sixth Circuit held that, in *Leary*, there was no good cause

4

to modify the scheduling order because the defendants would be significantly prejudiced if plaintiffs were permitted to amend the complaint and discovery would be reopened and new defenses would have to be developed to defeat the new claim. *Id.*

The Court finds this case analogous to *Leary* and *Duggins*. The Plaintiffs seek to append a claim to the Complaint which would require entirely new defenses. The Plaintiffs show no good cause why this claim could not have been voiced earlier. Furthermore, the addition of the fraud and misrepresentation claim would significantly prejudice the Defendants in that they have fully completed discovery on the original claims, have prevailed at an in-depth *Daubert* hearing in this matter, and have filed a Motion for Summary Judgment. For these reasons, the Court denies Plaintiffs' Motion to Amend the Complaint after the expiration of the deadlines in the Scheduling Order and the conclusion of discovery.

## II.     Plaintiffs' Motion for Leave to Identify Additional Experts

Plaintiffs concede that, after the disqualification of Dr. Jafek at the *Daubert* hearing in this matter, they no longer have an expert witness on record to testify as to the causation of injuries in this matter. Plaintiffs chose to name only one expert witness during discovery, but propose now that they should be allowed to identify additional experts. In support of this claim, Plaintiffs present articles showing that Dr. Terence Davidson, Dr. Thomas Alexander, and Dr. R.I. Henkin would support their scientific arguments for causation.[1]

Rule 37 provides that parties shall be precluded from using an experts who are not

---

[1]Plaintiffs also argue that Defendants' own patent for Zicam supports their scientific arguments and Dr. Jafek's proposed testimony. This argument, however, is irrelevant to whether a new witness should be identified at this time. Similarly, Plaintiffs cite that cases analogous to their own have been filed against Zicam in other jurisdictions. Again, this is irrelevant to whether an new expert witness should be identified at this time.

disclosed in a timely manner, unless the failure to do so is harmless.  Fed. R. Civ. P. 37 (c).

Courts have discretion to extend deadlines to identify experts.  *See, e.g., Sommer v. Davis*, 317

F.3d 686 (6th Cir. 2003); *Pride v. BIC Corp.*, 218 F.3d 566 (6th Cir. 2000) (holding that

plaintiffs could not admit additional expert testimony and reopen the *Daubert* inquiry where

plaintiffs' expert and claims were dismissed previously).  In *Sommer*, the Sixth Circuit explained

that the inquiry under Rule 37 is harmlessness to the defendants' case if new experts are

introduced, not prejudice.  317 F.3d at 692.  The Court found that harmlessness involves an

"honest mistake" on the part of the plaintiffs in failing to identify an admissible expert.  *Id.*  As

in *Sommers*, this Court finds that Plaintiffs' failure to identify admissible expert testimony

during the time allotted in the Scheduling Order was not an "honest mistake," and that the

identification of new experts at this time would not be harmless.  The identification would cause

delay, significant new discovery, likely a new *Daubert* hearing, and would essentially necessitate

relitigating this case from the beginning.  Therefore, the Court must deny Plaintiffs' Motion for

Leave to Identify Additional Experts.


III.    **Motion for Summary Judgment**

        Defendants moved for Summary Judgment because they contend Plaintiffs cannot prove

the necessary element of causation in this matter.  *Huffman v. SS Mary & Elizabeth Hosp.*, 475

S.W.2d 631, 633 (Ky. 1972).  The Plaintiffs must introduce evidewnce supporting that Zicam

was a probably cause of the injury, not merely a possible cause.  *Midwestern VW Corp. v.*

*Ringley,* 503 S.W.2d 745, 747 (Ky. 1973).  Generally, expert testimony is necessary to support

the element of causation in a negligence action when the common knowledge or experience of

lay persons cannot recognize or infer a causal connection between the alleged negligence and the injury. *Johnson v. Vaughn*, 370 S.W.2d 591, 597 (Ky. 1963); *Bayliss v. Lourdes Hosp., Inc.*, 805 S.W.2d 122, 124 (Ky. 1991).  Courts have held that personal injury cases arising out of exposure to drugs involve complex questions of medical causation beyond the understanding of a lay person, and these require expert testimony on causation issues.  *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1239 (11th Cir. 2005); *In re Baycol Prods. Litig.*, 321 F.Supp.2d 1118, 1126 (D. Minn. 2004).

Plaintiffs concede that, without Dr. Jafek's testimony, they timely named no experts to testify at trial.  Without expert testimony, Plaintiffs cannot prove an essential element of their claim, causation.  Because Plaintiffs cannot present evidence which would allow them to prevail at trial, summary judgment in favor of the Defendants is appropriate.

## CONCLUSION

For the above reasons, the Court now DENIES Plaintiffs' Motions to Amend the Complaint or for Leave and an Extension of Time to Identify Additional Expert Witnesses.  The Court GRANTS Defendants' Motion for Summary Judgment.  An appropriate Order shall follow.