# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:04-CV-540

JOHN MICHAEL HANS, et al.                                              PLAINTIFFS

v.

MATRIXX INITIATIVES, INC., et al.                                      DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiffs' Motion for Relief from Judgment (Docket #66). Defendants have responded (Docket #67). Plaintiffs have not replied. This matter is now ripe for adjudication. For the following reasons, Plaintiffs' Motion is DENIED.

## BACKGROUND

On September 13, 2004, Plaintiffs filed a Complaint against Defendants alleging that Zicam Nasal Gel caused permanent loss of their sense of smell. On September 6, 2007, this Court granted Defendants' Motion for Summary Judgment because Plaintiffs failed to identify a reliable expert witness under Federal Rule of Civil Procedure 702. Expert testimony was required to establish a causal link between Zicam and loss of sense of smell. On August 19, 2009, Plaintiffs filed the present motion seeking relief from the Court's judgment under Federal Rule of Civil Procedure 60(b)(6). Plaintiffs base their motion on a Public Health Advisory issued by the FDA on June 16, 2009, regarding Zicam and its association with permanent or long-lasting loss of one's sense of smell.

## STANDARD

Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812

(D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

## DISCUSSION

Plaintiffs argue that relief is warranted under part (6) of Rule 60(b), which allows relief for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This provision is the "catch-all" of Rule 60(b). Relief is granted under this provision "only in 'unusual and extreme situations where principles of equity *mandate* relief.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)) (emphasis in original). The Sixth Circuit has held that relief is granted under Rule 60(b)(6) when there is "an applicable change in decisional law, coupled with some other special circumstance . . . ." *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Plaintiffs urge the Court to consider the FDA's nationwide advisory opinion as a change in position, analogous to a change in law. The Court finds, however, that an advisory opinion by the FDA does not meet the standard that there be a "change in decisional law." *Id.* First, as Defendants point out in their brief, the FDA does not impose the same standards imposed by a court of law. *See, e.g.*, *Rider v. Sandoz Pharm. Corp.*, 295 F.3d 1194, 1201 (11th Cir. 2002); *Allen v. Pennsylvania Eng'g*, 102 F.3d 194, 198 (5th Cir. 1996). In addition, an advisory opinion

2

"may be used in administrative or court proceedings to illustrate acceptable and unacceptable procedures or standards, *but not as a legal requirement*." 21 C.F.R. §§ 10.85(e), (j) (emphasis added). It may be amended or revoked by the FDA at any time. 21 C.F.R. § 10.85(g). Advisory opinions are not subject to notice and comment rulemaking requirements, nor are they the result of a formal adjudication. *See, e.g.*, *Allied Corp. v. United States Int'l Trade Comm'n*, 850 F.2d 1573, 1578 (Fed. Cir. 1988); *Coppernoll v. Custom Housing Center, Inc.*, 488 F. Supp. 2d 641, 646 (W.D. Mich. 2007) ("An agency advisory opinion is not binding . . . ."). Therefore, the Court finds that the FDA public health advisory referenced in this case is insufficient to meet the "exceptional circumstances" requirement of Rule 60(b)(6) because it does not represent a change in decisional law.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Relief from Judgment is DENIED.

An appropriate order shall issue.